(June 25, 2013)

■ ALEXANDER M. FRAME, Plaintiff, v KENNETH L. MAYNARD et al., Defendants. R.H. GUTHRIE et al., Respondents-Appellants, v KENNETH L. MAYNARD et al., Appellants-Respondents. [969 NYS2d 6]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered October 3, 2012, which, upon remand, awarded cross-claim plaintiffs "appreciation" damages in the amount of $483,593.07 per limited partnership unit owned by them, prejudgment interest from October 6, 2008 through October 27, 2008, and postjudgment interest from October 27, 2008, unanimously modified, on the law and the facts, to award damages in the amount of $414,921.37 per limited partnership unit, and remand the matter for further proceedings on damages, and otherwise affirmed, without costs.

Following this Court's order remanding the matter for further proceedings on damages (*see Frame v Maynard*, 83 AD3d 599 [1st Dept 2011]), the trial court did not exceed its authority or abuse its discretion in reopening the proceedings to hear additional evidence on damages.

The trial court's award of *Rothko* damages (*see Matter of Rothko*, 43 NY2d 305 [1977]) was in error only to the extent it should have deducted from the net value of the partnership property the amount of $1,153,720.80, representing a hypothetical 20% payment to which plaintiff Frame would have been entitled under a settlement agreement. Using the $6,750,000 property valuation as a starting point, and deducting the value of defendant Maynard's $500,000 one-half interest in the underlying land for a fair market value of the partnership property of $6,250,000, and subtracting $226,550.00 for the mortgage balance, $224,000 for repayment of the partnership capital contribution, and $30,846 for taxes and insurance, the net value of the partnership property is $5,768,604. After taking out the $1,153,720.80 entitled to Frame, the balance of $4,614,883.20 is divided by 75%, with $3,461,162.40 to be divided by the eight limited partner shares, to arrive at $432,645.30 per limited partnership unit. From this is subtracted $17,723.93,

representing the cash distribution paid to each limited partner, which leaves a net limited partnership unit value of $414,921.37.

The court correctly declined to award cross-claim plaintiffs prejudgment interest dating back to the February 7, 2002 fraudulent sale of their property. However, rather than awarding only prejudgment interest from the October 6, 2008 verdict date through the October 27, 2008 date of the judgment, the court, upon remand, should have considered the evidence showing the amount of net income cross-claim plaintiffs would have realized on the property between the February 7, 2002 sale and the September 2007 trial date, and awarded the additional damages necessary to make them whole.

We have considered the appealing parties' remaining contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Andrias, Renwick and DeGrasse, JJ.